IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DR. THOMAS O'CONNOR**, and **ANDREW STROBL**, <br><br>    Plaintiffs, <br><br>v. <br><br>**WASHBURN UNIVERSITY**, **BOARD OF REGENTS OF WASHBURN UNIVERSITY**, and **DR. JERRY B. FARLEY**, individually and in his official capacity as President, Washburn University, <br><br>    Defendants. | **CIVIL ACTION** <br> **CASE NO.** 04-4001-RDR |

_____

**COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF PURSUANT TO 42 U.S.C. § 1983**
_____

Plaintiffs, by and through their undersigned attorneys, bring this Complaint against the above-named Defendants, their employees, agents, and successors in office, and in support thereof allege the following upon information and belief:

**INTRODUCTORY STATEMENT**

1. This is a case asserting the fundamental constitutional rights of Plaintiffs. It is a civil rights action brought pursuant to the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983, challenging the unconstitutional acts, policies, practices, and/or customs of Defendants.

2. Plaintiffs seek a declaration that Defendants have deprived them of their constitutional rights guaranteed by the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983, a permanent injunction enjoining the public display of an anti-Catholic symbol at Washburn University, and an award of nominal damages for the past loss

1

of Plaintiffs' constitutional rights. Plaintiffs also seek an award of reasonable costs of litigation, including attorneys' fees and expenses, pursuant to 42 U.S.C. § 1988.

3. Plaintiffs' claim for damages is made pursuant to 42 U.S.C. § 1983. Plaintiffs' prayer for relief regarding costs, including reasonable attorneys' fees, is authorized by 42 U.S.C. § 1988.

## JURISDICTION AND VENUE

4. This action arises under the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).

5. Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202, by Rules 57 and 65 of the Federal Rules of Civil Procedure, and by the general legal and equitable powers of this Court.

6. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

## PLAINTIFFS

7. Plaintiff Dr. Thomas O'Connor is a tenured professor of biology at Washburn University. Plaintiff O'Connor has been teaching at Washburn University since 1965. Plaintiff O'Connor is a devout Roman Catholic, and he objects to the public display of the anti-Catholic symbol at Washburn University. This symbol mocks Plaintiff O'Connor's deeply held religious beliefs, conveys the impermissible state-sponsored message of disapproval of Catholicism, and sends a clear message to Plaintiff O'Connor and others who are adherents to Catholicism that they are outsiders, not full members of the political/school community.

8.      Plaintiff Andrew Strobl is a full-time student at Washburn University and a resident of the Living Learning Center, which is a resident hall for students located on the campus of Washburn University. Plaintiff Strobl is a devout Roman Catholic, and he objects to the public display of the anti-Catholic symbol at Washburn University. This symbol mocks Plaintiff Strobl's deeply held religious beliefs, conveys the impermissible state-sponsored message of disapproval of Catholicism, and sends a clear message to Plaintiff Strobl and others who are adherents to Catholicism that they are outsiders, not full members of the political/school community.

## DEFENDANTS

9.      Defendant Washburn University is a public university that receives public funding. Defendant Washburn University is a municipal subdivision of the State of Kansas and is responsible for creating, adopting, and implementing the policies, practices, and/or customs of Washburn University, including its policy, practice, and/or custom regarding the public display of the anti-Catholic symbol described in this Complaint. At all relevant times, Defendant Washburn University was a "person" acting under color of state law as that phrase is used in 42 U.S.C. § 1983.

10.     Defendant Board of Regents of Washburn University is the governing body of Washburn University and is responsible for creating, adopting, and implementing the policies, practices, and/or customs of Washburn University, including its policy, practice, and/or custom regarding the public display of the anti-Catholic symbol described in this Complaint. At all relevant times, Defendant Board of Regents of Washburn University was a "person" acting under color of state law as that phrase is used in 42 U.S.C. § 1983.

11. Defendant Dr. Jerry B. Farley is the president of Washburn University. As president, Defendant Farley is the chief executive officer of Washburn University, and he is responsible for creating, adopting, and implementing the policies, practices, and/or customs of Washburn University, including its policy, practice, and/or custom regarding the public display of the anti-Catholic symbol described in this Complaint. At all relevant times, Defendant Farley was an agent, servant, and/or employee of Defendant Washburn University, acting under color of state law as that phrase is used in 42 U.S.C. § 1983. Defendant Farley is sued individually and in his official capacity.

## STATEMENT OF FACTS

12. On or about September 20, 2003, Defendants began displaying on Washburn University property an anti-religious and anti-Catholic symbol that conveys a message of hostility toward Roman Catholics. This symbol is in the form of a sculpture that mocks Catholicism, and it is presently displayed outside of the Washburn University student union, which is one of the most prominent and visible locations on the campus. The sculpture is scheduled to remain on display at this location until July 2004.

13. The anti-Catholic sculpture, which is entitled, "Holier than Thou," depicts a Catholic bishop with a grotesque facial expression wearing a phallus on his head that is shaped like a bishop's miter. The caption on this sculpture reads, "The artist says, 'I was brought up Catholic. I remember being 7 and going into the dark confessional booth for the first time. I knelt down, and my face was only inches from the thin screen that separated me and the one who had the power to condemn me for my evil ways. I was scared to death, for on the other side of that screen was the persona you see before you.'" True and accurate pictures of this sculpture are attached to this Complaint as Exhibits A, B, and C.

14. This anti-Catholic symbol mocks God the Father, and it attacks the sacrament of Penance, the ecclesiastical authority of the Roman Catholic Church, and the role Christ plays in the sacrament of Penance.

15. The Catechism of the Catholic Church, which is the authoritative teaching of the Roman Catholic faith, proclaims, "Through the ordained ministry, especially that of bishops and priests, the presence of Christ as head of the Church is made visible in the midst of the community of believers. In the beautiful expression of St. Ignatius of Antioch, the bishop is *typos tou Patros*: he is like the living image of God the Father."

16. The Catechism states, "When he celebrates the sacrament of Penance, the priest is fulfilling the ministry of the Good Shepherd who seeks the lost sheep, of the Good Samaritan who binds up wounds, of the Father who awaits the prodigal son and welcomes him on his return, and of the just and impartial judge whose judgment is both just and merciful. The priest is the sign and the instrument of God's merciful love for the sinner." The Catechism further states, "The confessor is not the master of God's forgiveness, but its servant. The minister of this sacrament should unite himself to the intention and charity of Christ." While ministering the sacrament of Penance, the "persona" of the priest or bishop is not his own. Instead, he is "in persona Christi," or "in the person of Christ."

17. On or about October 3, 2003, Catholic Archbishop James Keleher of the Archdioceses of Kansas City in Kansas wrote an open letter to Defendant Farley, expressing his dismay and strongly urging Washburn University to remove this symbol of anti-Catholicism. In his letter, the Archbishop wrote, "I am surprised and dismayed that the university would allow such a piece which many recognize as not only insensitive and insulting but even obscene to be part of an even temporary beautification." He stated further, "I am extremely disappointed at

5

this present situation that is an affront to me, to many Catholics and to others who value decency and respect. I am particularly concerned for your many Catholic students who see their faith ridiculed and they themselves embarrassed. . . . The presence of this piece sends a strong message to your students and the broader community and I believe that message to be both offensive and damaging." The Archbishop concludes, "I cannot express strongly enough my dismay and disappointment with this situation and I sincerely and respectfully request and urge the university to take appropriate action by removing this symbol that is so very offensive and contradictory to some of the basic values of our society. That is the only decent and respectful thing to do."

18. Also in early October 2003, the president of the Catholic League for Religious and Civil Rights, the Kansas State Knights of Columbus, the president of the Archdiocesan Conference of Catholic Women, and the Catholic Campus Center at Washburn University urged Defendants to remove the anti-Catholic sculpture.

19. Despite the public outcry by Catholics and other Christians, Defendants have refused to remove this symbol of anti-Catholicism and indeed have embraced it. On or about October 18, 2003, Defendant Board of Regents voted to maintain this symbol of anti-Catholicism at its present location.

20. As a result of Defendants' public display of this anti-Catholic symbol, Plaintiff O'Connor has experienced hardship and injury. Plaintiff O'Connor has suffered personal embarrassment and indignity, and because this anti-Catholic sculpture is displayed at one of the main locations on campus, Plaintiff O'Connor is constantly exposed to this insulting symbol, which mocks his religion. At times, Plaintiff O'Connor alters his schedule and the route he takes

on campus so as to avoid exposure to this anti-Catholic symbol, thereby causing further hardship and injury.

21. The student union, which is where the bookstore, cafeteria, and student government offices are located, is the hub of student activity at Washburn University. Because the student union is the center of student life on campus, Plaintiff Strobl is constantly exposed to the offending sculpture, causing him hardship and injury. At times, Plaintiff Strobl alters his schedule and the route he takes on campus so as to avoid exposure to this anti-Catholic symbol, thereby causing further hardship and injury.

22. This anti-Catholic symbol mocks Plaintiffs' deeply held religious beliefs, conveys the impermissible state-sponsored message of disapproval of Catholicism, and sends a clear message to Plaintiffs and others who are adherents to Catholicism that they are outsiders, not full members of the political/school community.

## CLAIM FOR RELIEF

### (Establishment Clause)

23. Plaintiffs hereby incorporate by reference all above paragraphs.

24. By reason of the aforementioned policy, practice, custom, acts, and omissions, engaged in under color of state law, Defendants have conveyed the impermissible message of disapproval of and hostility toward Catholics and the Catholic religion in violation of the Establishment Clause of the First Amendment to the United States Constitution as applied to the states and their political subdivisions under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

25. As a direct and proximate result of Defendants' violation of the Establishment Clause, Plaintiffs have suffered irreparable harm, including the loss of their constitutional rights, and they are entitled to an award of nominal damages.

**WHEREFORE**, Plaintiffs ask this Court:

A) to enter judgment declaring that Defendants violated the constitutional rights of Plaintiffs as set forth in this Complaint;

B) to enter a permanent injunction enjoining Defendants from displaying the anti-Catholic symbol, as set forth in this Complaint;

C) to award Plaintiffs nominal damages for the past loss of their constitutional rights;

D) to award Plaintiffs their reasonable attorneys' fees, costs, and expenses pursuant to 42 U.S.C. § 1988 and other applicable law;

E) to grant such other and further relief as this Court should find just and proper.

Respectfully submitted this 6th day of January 2004.

s/John Ostrowski
John Ostrowski (KS # 10042)
James E. Benfer, III (KS # 11234)
McCullough, Wareheim & LaBunker
1507 S.W. Topeka Boulevard
P.O. Box 1453
Topeka, Kansas 66601-1453
Tel: (785) 233-2323
Fax: (785) 233-0430
johnostrowski@mcwala.com
jebbenfer@mcwala.com

Robert J. Muise* (Michigan State Bar No. P62849)
THOMAS MORE LAW CENTER
3475 Plymouth Road, Suite 100
Ann Arbor, MI 48105-2550
Tel: (734) 827-2001
Fax: (734) 998-4778
rmuise@thomasmore.org
* Subject to admission pro hac vice